IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ROGER EDWIN SITTON,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security
Administration,

    Defendant.

Case No. 16-CV-601-PJC

**OPINION AND ORDER**

Plaintiff, Roger Edwin Sitton, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's July 23, 2013, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John W. Belcher was held November 12, 2014. By decision dated March 19, 2015, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 20, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 45 years old on the alleged date of onset of disability and 53 at the time of the ALJ's denial decision. He has a high school education, attended Tulsa Welding School, and formerly worked as a heavy equipment operator and TIG welder. He claims to have been unable to work since December 19, 2007, as a result of knee pain following four left knee surgeries and two right knee surgeries, hip pain, history of coronary catheterizations, myocardial infarction requiring balloon angioplasty, and chest pain, schizophrenia, hallucinations, and depression.

## **The ALJ's Decision**

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform work involving lifting and/or carrying, and pushing and/or pulling 50 pounds occasionally and 25 pounds frequently, standing and/or walking for 6 hours out of an 8-hour workday, sitting for 6-8 hours in an 8-hour workday, all with normal breaks. He is limited to simple and routine work with no more than superficial contact with coworkers or

supervisors "and no close proximity to coworkers," as well as no contact with the public. [R. 13].

Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the testimony of the vocational expert does not constitute substantial evidence to support the ALJ's decision because the ALJ's hypothetical question posed to the vocational expert did not include all of the limitations contained in the ALJ's RFC finding. Plaintiff also argues that the ALJ failed to properly evaluate the medical opinion evidence.

## **Analysis**

### Content of Hypothetical Question to Vocational Expert

It has long been the rule that "testimony elicited by hypothetical questions that do not relate with precision all the claimants' impairments cannot constitute substantial evidence to support the [Commissioner's] decision." *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991). In this case the ALJ's hypothetical question to the vocational expert did not contain the limitation contained in the RFC that Plaintiff could have "no close

3

proximity to coworkers." [Dkt. 13, 52]. Thus, the hypothetical question did not relate with precision all of the Plaintiff's limitations.

The Commissioner argues that the omission is harmless because the *Dictionary of Occupational Titles* (DOT) descriptions for the jobs identified by the vocational expert establish that none of the jobs entail significant interaction with others. The court finds that the omission is not harmless. Physical proximity of workers to each other and the degree of social interaction with others required by a job are not the same thing. The ALJ addressed the degree of social interaction by requiring work with only superficial contact with supervisors and coworkers and defined to the vocational expert what he meant by superficial contact with the example, "I mean the same type of contact that a grocery clerk might have with supervisors and coworkers." [R. 52]. The RFC contains the requirement of "no more than superficial contact with coworkers or supervisors," and also includes the additional restriction of "no close proximity to coworkers." [R. 13]. Since the hypothetical question to the vocational expert did not relate with precision all of Plaintiff's work-related impairments the ALJ found to exist, the court finds that the denial decision is not supported by substantial evidence and must therefore be reversed.

<u>Evaluation of Medical Opinions</u>

There is merit to Plaintiff's allegation that the ALJ failed to properly evaluate the opinion of Dr. Spain, his treating cardiologist. Dr. Spain completed a Medical Source Statement of Ability to do Work-Related Activities (Physical) form wherein he opined that Plaintiff was limited to lifting 20 pounds and could stand and/or walk more than two hours but fewer than 6 hours per 8-hour workday. [R. 462]. Dr. Spain also stated Plaintiff's ability to walk a block at a reasonable pace is limited due to dyspnea at relatively short distances.

4

[R. 463]. The ALJ accurately noted this opinion in the summary of the medical record. [R. 18]. Elsewhere in the decision the ALJ and stated he gave the opinion "great weight," [R. 20], and characterized Dr. Spain as having the opinion that, from a cardiac standpoint, Plaintiff could perform work "within these parameters on a sustained and continuing basis." [R. 20]. It is not clear what the ALJ means by "these parameters," but Dr. Spain did not express the opinion that Plaintiff could perform work at the level of the ALJ's RFC.

The form completed by Dr. Spain requested information about the amount of lifting, walking, and sitting Plaintiff could perform and then asked if Plaintiff was allowed to "perform a job within the above parameters, would [he] be able to perform such work on a sustained and continuing basis (8 hours per day, 5 days per week)?" [Dkt. 463]. Dr. Spain answered "yes" to that question. *Id.* Thus, Dr. Spain's opinion that Plaintiff could work relates to the limitations Dr. Spain found to exist, not the RFC. There are significant differences between Dr. Spain's opinion of Plaintiff's capabilities and the RFC. Dr. Spain found Plaintiff could lift 20 pounds, whereas the RFC provides for occasional lifting of 50 pounds and frequent lifting of 25 pounds. The RFC provides for walking and standing for 6 hours a day, while Dr. Spain opined that Plaintiff could walk and stand for fewer than 6 hours. The RFC makes no mention of Dr. Spain's comment that Plaintiff has a walking limitation due to dyspnea.

In *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007), the Tenth Circuit reversed the ALJ's decision where, as here, the ALJ failed to explain why he seemingly accepted some restrictions in an RFC assessment but rejected others. The court finds that the ALJ committed reversible error when he seemingly accepted Dr. Spain's opinions about

5

Plaintiff's ability to work, but failed to include Dr. Spain's restrictions in the RFC without providing any explanation for the omission.

Plaintiff also challenges the ALJ's treatment of the opinion of Plaintiff's treating psychiatrist, Dr. Mallgren. Dr. Mallgren found Plaintiff to have moderate limitations in some areas that Plaintiff claims were not accounted for in the RFC. [R. 401-403]. The ALJ stated:

> I give some weight to the opinion of Dr. Mallgren, the claimant's treating psychiatrist, as the doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant. Yet, as explained elsewhere in the decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints.

[Dkt. 20]. The meaning of the quoted statement is not particularly clear. The ALJ stated he gave "some weight" to Dr. Mallgren's opinion, but the term "some" is not descriptive. "Some weight" could be very little weight or quite a bit of weight. The ALJ's comment that he gave "some weight" to Dr. Mallgren's opinion due to the doctor's reliance on the subjective reports by Plaintiff, sounds like the opinion is viewed favorably due to such reliance. However, the next sentence states that the ALJ questions Plaintiff's reliability. On remand, the ALJ should provide a meaningful explanation of the weight afforded Dr. Mallgren's opinion. In addition the ALJ's decision on remand should be written with clarity so that the ALJ's meaning does not have to be puzzled out.[2]

---

[2] The ALJ's decision contains several puzzling statements. The ALJ's credibility assessment contains this language: "I find that in consideration of all medical evidence, there appears to be some inconsistency regarding functional limitations and allegations, <u>yielding to a partial allegation credibility assumption</u>." [R. 20, emphasis added]. The underscored phrase is unintelligible. The ALJ also makes the statement that "claimant has a history of bipolar disorder with mixed results." [R. 20]. It may be that the "mixed results" refers to Plaintiff's treatment, but that is not clear from the sentence itself or from the context.

The ALJ seems to have based the rationale for the weight afforded Dr. Mallgren's opinion on the ALJ's conclusions about Plaintiff's credibility. Although this was not raised by Plaintiff, the court observes some problems with the ALJ's analysis. Plaintiff testified he cannot work due to the effects of his medications, [R. 39-40, 45, 48], but the ALJ's decision did not address that significant factor in assessing Plaintiff's credibility. For the most part, the ALJ's credibility determination consists of canned language. On remand, the ALJ should provide a more detailed explanation of the reasons for his evaluation of the intensity and persistence of Plaintiff's alleged symptoms. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c).

## **Conclusion**

For the reasons specified herein, the decision of the Commissioner finding Plaintiff not disabled is REVERSED and the case REMANDED for further proceedings as specified in this Opinion and Order.

SO ORDERED this 24th day of January, 2017.

Paul J. Cleary
United States Magistrate Judge